United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

ZIYUE ZHANG,
Plaintiff,
v.
INTERNAL REVENUE SERVICE, et al.,
Defendants.

Case No. 26-cv-00525-VKD

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

Re: Dkt. No. 10

Plaintiff Ziyue Zhang filed this action against defendants Internal Revenue Service ("IRS") and the United States of America (collectively, "United States") seeking judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. Dkt. No. 1. The United States moves to dismiss this action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Dkt. No. 10. Ms. Zhang opposes the motion. Dkt. No. 15. The Court heard oral argument on the motion on June 9, 2026.[1] Dkt. No. 22.

Upon consideration of the moving and responding papers, the Court grants the United States's motion to dismiss for lack of subject matter jurisdiction, without leave to amend.

## I. BACKGROUND

According to the complaint, Ms. Zhang was born in China and lived there most of her life. Dkt. No. 1 ¶ 21. "Shortly before the 2017 calendar year," Ms. Zhang moved to the United States to attend graduate school. *Id.* ¶ 22. Ms. Zhang's family in China gifted her more than $100,000 in both 2017 and 2018. *Id.* ¶ 23. U.S. taxpayers are required to report foreign gifts in excess of

[1] All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 7, 14.

$100,000 during a taxable year to the IRS through submission of a Form 3520. *Id.* ¶¶ 11-14; 26 U.S.C. § 6039F. The penalty for failing to timely file a Form 3520 to report a foreign gift is equal to "5 percent of the amount of such foreign gift for each month for which the failure continues," but "not to exceed 25 percent of such amount in the aggregate." 26 U.S.C. § 6039F(c)(1)(B). A taxpayer can avoid a section 6039F penalty if he or she can show that the failure to report was due to "reasonable cause and not due to willful neglect." *Id.* § 6039F(c)(2).

Ms. Zhang timely filed a U.S. income tax return for 2017 using TurboTax. Dkt. No. 1 ¶¶ 24-25. The tax return did not include a Form 3520 reporting Ms. Zhang's gifts from her family in China in 2017. *Id.* ¶ 25. Ms. Zhang retained an accountant to prepare her U.S. income tax return for 2018. *Id.* ¶ 26. Ms. Zhang did not file a Form 3520 reporting the gifts she received from her family in China in 2018. *Id.*

Ms. Zhang states that she did not know that she had to file a Form 3520 reporting her gifts from her family in China. *Id.* ¶¶ 25-26. After she learned of this requirement, Ms. Zhang filed a belated Form 3520 for her 2017 tax return in March 2019. *Id.* ¶¶ 25, 29. Ms. Zhang filed a belated Form 3520 for her 2018 tax return in September 2020. *Id.* ¶ 26. On April 5, 2021, the IRS assessed two penalties against Ms. Zhang in the amounts of $49,985 and $674,008, totaling $723,993. *Id.* ¶ 30. The penalties assessed represent 25% of the amount of foreign gifts that Ms. Zhang received in 2017 and 2018. *Id.*

On April 30, 2021, Ms. Zhang sent a letter to the IRS requesting relief from the penalties assessed against her for the 2017 and 2018 tax years. *Id.* ¶ 39. The IRS rejected Ms. Zhang's request, stating that "ordinary business care and prudence requires taxpayers to make themselves aware of their duties and that ignorance of tax laws could not serve as a basis for reasonable cause." *Id.* ¶¶ 41, 92. On May 6, 2022, Ms. Zhang challenged the denial of her request through a letter to the IRS's Independent Office of Appeals. *Id.* ¶ 43. The IRS did not respond Ms. Zhang's letter. *Id.* ¶ 44.

Ms. Zhang initiated this action against the United States on January 16, 2026, asserting four claims for violation of the APA: (1) violation of the due process protections of 5 U.S.C. § 555(e) and the U.S. Constitution; (2) arbitrary and capricious agency action, in violation of 5

U.S.C. § 706(2)(A); (3) agency action imposing an "automatic penalty" that is contrary to law as reflected in 26 U.S.C. § 6039F(c)(2); and (4) arbitrary and capricious agency action, in violation of 5 U.S.C. § 555(e).[2] *Id.* ¶¶ 71-101. The complaint seeks (1) declaratory judgment that "[d]efendants violated the APA by acting in excess of statutory authority" and that "[d]efendants violated the APA by acting with arbitrary or capricious reasoning"; (2) "[a]n order holding unlawful and setting aside IRS['s] and IRS Appeals['s] determination to uphold the Section 6039F penalties"; (3) "[a]n order to remand the Section 6039F penalties appeal back to the IRS or IRS Appeals for reconsideration and further proceeding"; and (4) attorneys' fees and costs. *Id.* at 26.

## II. DISCUSSION

The United States moves to dismiss this action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Dkt. No. 10. The United States's Rule 12(b)(6) motion is limited to Ms. Zhang's first APA claim, to the extent that claim asserts a standalone constitutional Due Process Clause violation. *Id.* at 17. At the hearing, Ms. Zhang stated that she does not assert a standalone Due Process Clause claim. Dkt. No. 22. Accordingly, the United States's Rule 12(b)(6) motion is moot. This order addresses only the United States's motion for dismissal under Rule 12(b)(1).

The United States moves to dismiss all claims pursuant to Rule 12(b)(1) on three grounds: (1) the Court lacks jurisdiction under the APA because there are other adequate remedies available to Ms. Zhang, namely a tax-refund claim pursuant to 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a) and, in circumstances that may develop, a Collections Due Process ("CDP") hearing; (2) Ms. Zhang has not suffered an injury-in-fact to establish Article III standing because she "is not legally entitled to specific process from IRS Appeals"; and (3) the Anti-Injunction Act and the Declaratory Judgment Act bar this action because Ms. Zhang seeks to restrain the assessment or collection of a tax. Dkt. No. 10 at 4-17.

---

[2] Claims 2 and 4 are both styled as claims challenging "arbitrary and capricious" agency action. Dkt. No. 1 ¶¶ 83-86, 95-101. Claim 2 challenges the "IRS's Section 6039F penalty assessments and entire appeals process" as "arbitrary and capricious," while claim 4 challenges the IRS's failure "to provide the [p]laintiff with even the most basic statement explaining the grounds for its denial of [p]laintiff's numerous petitions requesting the removal of the IRC Section 6039F penalty" as "arbitrary and capricious." *Id.*

**A. Legal Standard**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)); *see also Dunn & Black, P.S.*, 492 F.3d at 1088 (same). Where the United States has not consented to suit, the action must be dismissed because such consent is necessary for jurisdiction. *Dunn & Black, P.S.*, 492 F.3d at 1088. "To confer subject matter jurisdiction in an action against a sovereign, in addition to a waiver of sovereign immunity, there must be statutory authority vesting a district court with subject matter jurisdiction." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007).

A Rule 12(b)(1) motion to dismiss challenges a federal court's subject matter jurisdiction. Such a challenge may be made either on the face of the pleadings (a "facial attack") or by presenting extrinsic evidence (a "factual attack"). *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The United States raises a facial challenge to the Court's subject matter jurisdiction. Dkt. No. 10 at 1 n.1. As such, the record is limited to the complaint and materials that may be judicially noticed. *See Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017). The Court must accept well-pled allegations of the complaint as true, draw all reasonable inferences in Ms. Zhang's favor, and determine whether the allegations are sufficient to invoke the Court's subject matter jurisdiction. *See id.* As the party asserting federal subject matter jurisdiction, Ms. Zhang

bears the burden of establishing its existence. *Kokkonen*, 511 U.S. at 377.

**B. Whether the Court Has Subject Matter Jurisdiction Under the APA**

The United States's principal argument is that the Court lacks jurisdiction because Ms. Zhang has adequate alternative remedies, making judicial review under the APA unavailable. Dkt. No. 10 at 4-13. Ms. Zhang responds that the United States has waived sovereign immunity under 5 U.S.C. § 702 and therefore the Court may exercise jurisdiction over her claims under the APA. *See* Dkt. No. 15 at 6-7; Dkt. No. 1 ¶¶ 6, 8.

The APA generally waives sovereign immunity for all claims seeking non-monetary relief against the United States. *See* 5 U.S.C. § 702; *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1169-70 (9th Cir. 2017). Here, Ms. Zhang asserts claims seeking only non-monetary relief. Even so, she may not obtain judicial review under the APA unless her claims satisfy the requirements of 5 U.S.C. § 704. *See Navajo Nation*, 876 F.3d at 1170-72.

Section 704 of the APA states that only "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy* in a court are subject to judicial review." 5 U.S.C. § 704 (emphasis added). If Congress "has enacted a special statutory review process for administrative action, that process applies to the exclusion of the APA." *Wilson v. Comm'r of Internal Revenue*, 705 F.3d 980, 990 (9th Cir. 2013). The APA's preclusion of judicial review when there is another adequate remedy "reflects Congress' judgment that 'the general grant of review in the APA' ought not 'duplicate existing procedures for review of agency action' or 'provide additional judicial remedies in situations where Congress has provided special and adequate review procedures.'" *Zhang v. Internal Revenue Serv.*, No. 24-cv-08210-AMO, 2026 WL 1210079, at *6 (N.D. Cal. May 4, 2026) (quoting *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 846 F.3d 1235, 1244 (D.C. Cir. 2017) ("*CREW*")). However, courts must not construe this provision "to defeat the [APA's] central purpose of providing a broad spectrum of judicial review of agency action." *Bowen v. Mass.*, 487 U.S. 879, 903 (1988). To be considered "adequate," an alternative remedy "need not provide relief *identical* to relief under the APA," but it must provide "relief of the same genre." *See CREW*, 846 F.3d at 1245.

The United States argues that section 704 of the APA deprives this Court of jurisdiction

United States District Court
Northern District of California

over this action because Ms. Zhang has other adequate remedies: a tax-refund claim and a CDP hearing. Dkt. No. 10 at 4, 6-13. Ms. Zhang disputes that these remedies are adequate. Dkt. No. 15 at 6-7, 9-10.

**1. Tax-Refund Claim**

As to the first remedy, Congress has enacted special provisions affording taxpayers judicial remedies in tax-refund cases. Federal district courts have jurisdiction, concurrent with the United States Court of Federal Claims, over claims for refund of "any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). However, judicial review is only available if the taxpayer has first filed a refund claim with the IRS prior to suing. 26 U.S.C. § 7422(a). In addition, the Supreme Court has interpreted 28 U.S.C. § 1346(a)(1) to "require[] full payment of the [challenged] assessment before an income tax refund suit can be maintained in a Federal District Court." *Flora v. United States*, 362 U.S. 145, 177 (1960) ("*Flora II*"); *see also Flora v. United States*, 357 U.S. 63, 75-76 (1958) ("*Flora I*"). The United States contends that a tax-refund claim provides Ms. Zhang an adequate alternative remedy and she has not shown otherwise. *See* Dkt. No. 10 at 6-11.

Ms. Zhang responds that a tax-refund claim is an inadequate remedy because she "is not seeking to recover [a] tax imposed or collected by the IRS" and "is not alleging that a tax was erroneously or illegally assessed or collected, a penalty was collected without authority, or any sum is alleged to be excessive." Dkt. No. 15 at 7-8. Ms. Zhang insists that she challenges only "the administrative procedures by which the IRS arrived at its decision to assess and uphold the Section 6039F penalty." *Id.* at 8.

The Court has carefully considered the allegations in Ms. Zhang's complaint and the relief she seeks. Ms. Zhang's assertion that she complains only about the IRS's procedures, and not its determination that she must pay penalties, is at odds with her complaint, which requests that "the IRS's determinations . . . be vacated and set aside," and seeks "[a]n order holding unlawful and setting aside IRS['s] and IRS Appeals['s] determination to uphold the Section 6039F penalties."

Dkt. No. 1 ¶ 101; *id.* at 26. Other courts in this District have rejected similar attempts to recast substantive challenges to penalties as procedural challenges to the IRS's procedures. For example, in *Zhang*, the plaintiff challenged a section 6039F penalty the IRS assessed against her. *Zhang*, 2026 WL 1210079, at *7. The plaintiff argued that a tax-refund suit would not provide the relief she sought, including to "(1) obtain the reasons why the 'IRS denied her request to remove the penalty assessed against her,' (2) allow the Court to remand this proceeding to the IRS Independent Office of Appeals, and (3) protect the public from the IRS 'arbitrarily assess[ing] penalties' in the future." *Id.* The court dismissed the plaintiff's APA claims for lack of subject matter jurisdiction on the ground that a tax-refund suit provided an adequate alternative remedy in court. *Id.* The *Zhang* court reasoned the plaintiff was "not entitled to the precise forms of relief she wants in circumstances where Congress already crafted adequate relief," and found that the plaintiff's requested relief sought "the same genre of relief afforded by a tax-refund suit." *Id.*

Similarly, in *Madrid v. Internal Revenue Service*, the plaintiff also challenged a section 6039F penalty. No. 24-cv-04862-JD, 2025 WL 2780149, at *1 (N.D. Cal. Sept. 29, 2025). The court rejected the plaintiff's assertions that she was "not asking this Court to mitigate or overturn the 2017 Section 6039F penalty assessed against her," and that all she sought was "agency transparency" and to discover "the IRS's rationale for upholding the Section 6039F penalty" against her. *Id.* The *Madrid* court concluded that the plaintiff's assertions were inconsistent with her complaint which sought a declaratory judgment "remand[ing] her case back to the Independent Office of IRS Appeals to reconsider [her] reasonable cause defense and other defenses to the Section 6039F penalty" and a declaratory judgment "[s]etting aside [the] Section 6039F penalty as unlawful." *Id.* The court dismissed the complaint, holding that "[t]his kind of 'moving-target theory of pleading is a far way from the short and plain statement Rule 8 demands, and does not give defendants fair notice of the allegations for which they are called to account.'" *Id.* (quoting *In re Stitch Fix, Inc. Sec. Litig.*, No. 18-cv-06208-JD, 2020 WL 5847506, at *3 (N.D. Cal. Sept. 30, 2020)).

Like the plaintiffs in *Zhang* and *Madrid*, Ms. Zhang claims that she is only challenging the IRS's procedures. *See* Dkt. No. 15 at 7-8. However, it is abundantly clear from her complaint that

she actually challenges the IRS's individual penalty assessment on the merits. The Court is not aware of, and Ms. Zhang has not identified, any cases in which a court has found that it had APA jurisdiction to adjudicate an individual tax assessment. Ms. Zhang cites *Scholl v. Mnukin*, 494 F. Supp. 3d 661 (N.D. Cal. 2020) and *Amador v. Mnuchin*, 476 F. Supp. 3d 125 (D. Md. 2020) for her arguments that a court may exercise APA jurisdiction "over a tax related case" and that she is not required to "pursue a tax refund action under 26 U.S.C. [§] 7422(a) or 28 U.S.C. [§] 1346 to remedy the IRS's APA and Constitutional violations." *See* Dkt. No. 1 ¶ 58; Dkt. No. 15 at 8 n.6. *Scholl* and *Amador* are distinguishable. Both cases involved challenges to a blanket IRS *policy* prohibiting emergency cash assistance payments during the COVID-19 pandemic to certain groups of people. *See Scholl*, 494 F. Supp. 3d at 681 ("[T]he gravamen of the complaint is that the IRS's decision to exclude incarcerated individuals is unlawful because the IRS's decision was both contrary to law and arbitrary and capricious."); *Amador*, 476 F. Supp. 3d at 135 ("The [CARES Act] excludes an otherwise eligible individual from receiving emergency cash assistance in the midst of the COVID-19 pandemic if his or her spouse is an undocumented immigrant."). Neither case concerned individual tax refund disputes. *See Scholl*, 494 F. Supp. 3d at 680 (holding plaintiffs' claims fell outside section 7422 because "plaintiffs did not allege that a tax was erroneously or illegally assessed or collected, a penalty was collected without authority, or any sum is alleged to be excessive."); *Amador*, 476 F. Supp. 3d at 144 ("[T]his case cannot be characterized as a tax refund action" because plaintiffs did not "complain[] of the manner in which a tax was assessed or collected," nor did they seek "reimbursement for wrongly paid sums").

Ms. Zhang suggests that because she has not paid any penalties to the IRS, her claims "do not clearly fall within the ambit of Section 7422(a)" as she "is not seeking to recover tax imposed or collected by the IRS." *See* Dkt. No. 15 at 7-8. However, Ms. Zhang's "failure to comply with the scheme established by Congress—by failing to prepay the assessed the penalties—does not render the review procedures inadequate." *Larson v. United States*, 888 F.3d 578, 588 (2d Cir. 2018) (holding that APA review of IRS penalty was inappropriate because plaintiff had an adequate remedy: "follow Congress's established scheme by paying his penalties and then filing a tax-refund claim pursuant to § 1346(a)"); *see also Devries v. Internal Revenue Serv.*, 359 F. Supp.

2d 988, 993 (E.D. Cal. 2005) ("Plaintiff may . . . pay the disputed tax and request refund and may, upon denial of the refund request and following the specified administrative procedure, maintain a suit in this court. While this may not be exactly the remedy [p]laintiff seeks, it is the remedy law provides and this court is without jurisdiction to provide another."); *Barber v. United States*, No. BPG-18-3790, 2019 WL 3841996, at *6 (D. Md. Aug. 15, 2019) (holding that APA's waiver of sovereign immunity was inapplicable because "[w]hile plaintiff argues that [alternative remedies] are inadequate for her, they are inadequate simply because plaintiff failed to comply with the scheme established by Congress by timely filing a claim for refund"); *Larson v. United States*, No. 16-cv-00245 (VEC), 2016 WL 7471338, at *7-9 (S.D.N.Y. Dec. 28, 2016) (dismissing APA claims that IRS's penalty assessment and denial of refund claim were arbitrary, capricious, and an abuse of the IRS's discretion because plaintiff could seek relief through a tax-refund claim after full payment of the challenged assessment), *aff'd*, 888 F.3d 578 (2d Cir. 2018); *Oom Inc. v. United States*, No. 22-cv-2762, 2023 WL 3058493, at *3 (D.N.J. Apr. 24, 2023) (dismissing claims regarding plaintiffs' unpaid tax penalties because "the uniform rule [is] that a taxpayer must pay the full amount of the tax assessment or penalty before he can challenge its validity" under section 1346 (citation omitted)).

On the record presented, Ms. Zhang has identified no legal barrier to her ability to the section 6039F penalties in a tax-refund suit pursuant to 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a). Such a suit provides an adequate alternative remedy, and Ms. Zhang's ability to seek relief through a tax-refund claim forecloses judicial review via the APA for the same kind of relief.

**2. CDP Proceeding**

As to the second remedy, before the IRS may levy or file a notice of a lien to collect an assessment made against a taxpayer, the IRS must provide notice to the taxpayer and an opportunity to request a CDP hearing with the IRS's Office of Appeals. *See* 26 U.S.C. §§ 6320(b)(1), 6330(b)(1); *see also Brown v. Comm'r of Internal Revenue*, 116 F.4th 861, 868-69 (9th Cir. 2024) (explaining procedures governing CDP hearings). At CDP hearings, taxpayers can "raise at the hearing challenges to the existence or amount of the underlying tax liability" if they "did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B).

United States District Court
Northern District of California

"An Appeals Office decision is appealable to the Tax Court and, from there, to a federal court of appeals." *Farhy v. Comm'r of Internal Revenue*, 100 F.4th 223, 228 (D.C. Cir. 2024) (citing 26 U.S.C. §§ 6330(d)(1), 7482(a)(1)). Unlike a tax-refund suit, the CDP process does not require prepayment of penalties. *See Our Country Home Enters., Inc. v. Comm'r of Internal Revenue*, 855 F.3d 773, 780 (7th Cir. 2017).

The United States contends that Ms. Zhang has an adequate alternative remedy because she can wait until the IRS initiates a collection action to collect the section 6039F penalties and then contest her liability for the penalties at a CDP hearing. Dkt. No. 10 at 11-13. Ms. Zhang responds that a CDP hearing is not an adequate alternative remedy because she must wait for the IRS to issue a "Final Notice of Intent to Levy" or "Intent to File a Lien" before she can request a CDP hearing. Dkt. No. 15 at 9-10. Ms. Zhang contends that because "more than five years has transpired since the IRS assessed the Section 6039F penalt[ies] . . . it is safe to assume that the IRS has no intention of ever issuing the plaintiff a 'Final Notice.'" *Id.* at 9. The United States responds that the Tax Code gives the IRS ten years to collect an assessment, and if the IRS does not initiate a collection against Ms. Zhang within ten years, Ms. Zhang will no longer be liable for the assessment. Dkt. No. 16 at 5-6 (citing 26 U.S.C § 6502).

While the CDP hearing is not available unless the IRS seeks to collect the section 6039F penalties by levying or filing a notice of a lien, if or when that happens, the CDP hearing is available as an alternative remedy to Ms. Zhang if she wishes to challenge her liability for those penalties. *See Perry v. Wright,* No. 12-cv-0721 CM, 2013 WL 950921, at *5 (S.D.N.Y. Mar. 8, 2013) (holding that plaintiff could not seek judicial review under the APA because she had "other potential judicial remedies," including a CDP hearing). Accordingly, the availability of a CDP hearing forecloses judicial review under the APA for the same relief.

***

Because Ms. Zhang has two possible alternative remedies that provide adequate alternative relief, her APA claims are subject to dismissal for lack of subject matter jurisdiction. The Court need not reach the parties' arguments regarding Article III standing, the Anti-Injunction Act, or the Declaratory Judgment Act to resolve this motion.

United States District Court
Northern District of California

At the hearing, Ms. Zhang conceded that there are no amendments that she could make to address the defects the Court describes above. Because leave to amend would be futile, the Court grants the motion to dismiss Ms. Zhang's claims, without leave to amend.

## III. CONCLUSION

Based on the foregoing, the Court grants the motion to dismiss for lack of subject matter jurisdiction, without leave to amend.

**IT IS SO ORDERED.**

Dated: July 30, 2026

Virginia K. DeMarchi
United States Magistrate Judge